STERLIN J. STEVENS          *       NO. 2025-CA-0241

VERSUS                 *

BONITA STEVENS           *       **COURT OF APPEAL**

                               **FOURTH CIRCUIT**

                         *       **STATE OF LOUISIANA**

                    * * * * * * *

| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
|---|---|
| **BONITA STEVENS** | **NO. 2025-CA-0242** |
| **VERSUS** | |
| **STERLIN J. STEVENS** | |

| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
|---|---|
| **STERLIN J. STEVENS** | **NO. 2025-CA-0243** |
| **VERSUS** | |
| **BONITA STEVENS** | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-01543, DIVISION "K"
Honorable Bernadette D'Souza, Judge
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*
(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Nakisha Ervin-Knott)

***LOBRANO, J., CONCURS IN THE RESULT***

Theon A. Wilson
LAW OFFICES OF THEON A. WILSON
1160 Poydras Centre
1100 Poydras Street, Suite 1160
New Orleans, LA 70163-2900

      COUNSEL FOR PLAINTIFF/APPELLEE

Cindy H. Williams

ATTORNEY AT LAW
111 Veterans Blvd., Suite 200
Metairie, LA 70005

COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**NOVEMBER 25, 2025**

Bonita Stevens ("Ms. Stevens") seeks review of the district court's November 27, 2024 judgment granting her request for interim support and setting the interim spousal support amount at $1,500.00 per month. For the following reasons, we affirm the district court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

Sterlin Stevens ("Mr. Stevens") and Ms. Stevens were married on January 1, 2006, and both parties filed competing petitions for divorce. Contained within Ms. Stevens' petition was a request for interim spousal support. The interim spousal support trial was conducted over six non-consecutive days between July 2024 and November 2024.

Three individuals testified at trial – Ms. Stevens, Mr. Stevens, and Susan Brown ("Ms. Brown"). Both Mr. and Ms. Stevens' testimonies established that during the marriage, the parties maintained mostly separate finances, with Mr. Stevens as the primary breadwinner for the household. Mr. Stevens' income included a regular salary, contract work, and lease agreements. On the other hand, Ms. Stevens had rental property that generated income, and she received a windfall from a life insurance policy. Mr. Stevens testified that his monthly income was

$11,173.82 and his monthly mortgage payment was $4,662.06. He also testified that his monthly household expenses for his former marital home were $5,000.00, and that after deducting his monthly expenses, he had $6,100.00 left over.

Ms. Stevens' expert – Ms. Brown, a certified public accountant – testified regarding interim spousal support issues, including the parties' incomes, need for interim spousal support, and ability to pay. Ms. Brown presented Ms. Stevens' income as zero and testified that her rental properties were losing money. Ms. Brown further explained that in the twelve months leading up to the filing of the divorce petition, Ms. Stevens' average monthly expenses were $8,316.00. Admittedly, Ms. Brown acknowledged that her analysis required inferences due to deficiencies in discovery responses.

At the conclusion of trial, the district court took the matter under advisement. On November 27, 2024, the district court issued a judgment granting Ms. Stevens' request for interim spousal support and ordering the following:

> Mr. Stevens shall pay unto her the sum of $1,500.00 per month from the date of judicial demand, April 25, 2023, until 180 days after the rendition of the divorce judgment on November 8, 2024, which is May 7, 2025. As of the rendition of this judgment, arrearages amount to $27,000.00 through November 1, 2024. The arrearages shall be dispersed over the remaining monthly payments equally, bringing the total due each month to $6250.00, with payments to begin on December 1, 2024 and to terminate on May 1, 2025 with one final pro-rated payment on May 7, 2025 in the amount of $300.00.

This timely appeal follows.

## STANDARD OF REVIEW

"A trial court's determinations on interim spousal support is reviewed under the abuse of discretion standard." *Bernstein v. Bernstein*, 2019-1106, p. 15 (La. App. 4 Cir. 02/10/21), 313 So.3d 413, 424 (citation omitted). "[I]f the [district] court record supports the [district] court's reasoning and conclusions regarding the means

of the payor spouse and his or her ability to pay, no abuse of discretion will be found." *Id.* (citations omitted). "The [district] court's factual findings will not be set aside unless there is manifest error." *Id.*

## DISCUSSION

On appeal, Ms. Stevens assigns three errors: (1) the district court committed manifest error by failing to properly calculate Mr. Stevens' ability to pay interim spousal support, excluding his monthly payments from Belle Chasse Academy, contrary to the evidence; (2) the district court committed manifest error by improperly imputing $4,000.00 per month income to Appellant, contrary to the evidence; and (3) the district court abused its discretion in failing to award sufficient interim spousal support to Ms. Stevens to maintain the lifestyle she enjoyed during the parties' marriage.

Louisiana Civil Code Article 111 provides, "[i]n a proceeding for divorce or thereafter, the court may award interim periodic support to a party . . . who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage . . . ." Further, La. C.C. art. 113 explains, in pertinent part:

> Upon motion of a party, the court may award a party interim spousal support based on the needs of that party, the ability of the other party to pay, any interim or final child support obligation, and the standard of living of the parties during the marriage. An award of interim spousal support shall terminate one hundred eighty days from the rendition of a judgment of divorce, except that the award may extend beyond one hundred eighty days but only for good cause shown.

"The purpose behind interim spousal support is to ensure that the parties maintain the status quo enjoyed during the marriage while the divorce is pending." *Bernstein*, 2019-1106, p. 14, 313 So.3d at 424 (citations omitted). "The spouse seeking interim spousal support bears the burden of proving his or her entitlement to such support." *Id.* at p. 15, 313 So.3d at 424 (citations omitted). "In order to establish

that need, it must be shown that the requesting spouse lacks sufficient income to preserve the standard of living they previously enjoyed while married." *Id.* (citations omitted). "Once that spouse has demonstrated their need, then the court will look to the ability of the other spouse to pay interim support." *Id.*

### A. Mr. Stevens' Ability to Pay

As her first assignment of error, Ms. Stevens asserts the district court committed manifest error by failing to properly calculate Mr. Stevens' ability to pay interim spousal support, excluding his monthly payments from Belle Chasse Academy. In determining Mr. Stevens' income, the district court considered his sworn testimony, his W-2 forms from the Regional Transit Authority ("RTA"), and corroborating bank and property records. According to his testimony and bank records, he is employed by RTA and receives a steady salary. The district court considered Mr. Stevens' RTA salary as its primary income and used this amount to calculate his income amount.

Ms. Stevens contends that the trial court erred in not considering Mr. Stevens' income generated from his contract with Belle Chasse Academy. However, Mr. Stevens' testimony revealed the contract was terminated following a series of disruptions caused by Ms. Stevens' conduct, including (1) her wrongful claims of residence at the family home, which evicted him from the home and access to his work equipment; (2) her destruction of his equipment; and (3) her denial of access to the only vehicle that enabled him to enter the military facility.[1] The district court's

---

[1] Testimony adduced at trial revealed that prior to filing for divorce, Mr. Stevens filed a petition for protection from abuse against Ms. Stevens, and she filed a petition-in-reconvention for protection from abuse against Mr. Stevens. Based on the allegations contained in Ms. Stevens' petition-in-reconvention, she was awarded use of the family home pursuant to a temporary restraining order.

exclusion of his Belle Chasse Academy income was proper considering the uncontroverted testimony that Mr. Stevens was no longer generating income from that terminated contract.

Based on the evidence in the record, we find that the court's finding that the Belle Chasse Academy contract had ended was not manifestly erroneous. The evidence showed that the income generated from this contract had ceased, and the district court reasonably excluded it from Mr. Stevens's present earning capacity.

### B. Ms. Stevens' Imputed Income

In her second assignment of error, Ms. Stevens claims that the district court committed manifest error by improperly imputing to her a $4,000.00 per month income. Throughout this litigation, Ms. Stevens has asserted that her monthly income is zero. However, during trial, Ms. Stevens testified to owning at least two rental properties and admitted that in 2023, she collected $1,919.00 per month in rent from one of her rental properties. She also testified that she paid her living expenses with the income generated from her rental properties. More telling is the fact that although Ms. Stevens complained about a lack of income, she acknowledged that she financed a $90,000.00 Cadillac Escalade – maintaining that she was not required to provide income information to the dealership – a month before trial commenced.

Clearly, Ms. Stevens' testimony and the vehicle financing demonstrates that her monthly income is not zero. The trial court correctly imputed her monthly income as $4,000.00. Accordingly, this assignment of error is meritless.

### C. Sufficiency of Interim Spousal Support Award

Last, as her third assignment of error, Ms. Stevens maintains that the district court abused its discretion in failing to award her with sufficient interim spousal

support to maintain the lifestyle she enjoyed during the parties' marriage. The district court awarded Ms. Stevens $1,500.00 per month in interim spousal support. Ms. Stevens suggests that this award amount is insufficient to maintain the lifestyle she enjoyed during the marriage. At trial, Ms. Stevens claimed $8,316.00 in monthly expenses, but the district court determined that most of her claim was unsubstantiated. As such, the district court recognized that Mr. Stevens was paying approximately $6,494.72 in monthly expenses. After imputing $4,000.00 in income to Ms. Stevens and accounting for a $1,000.00 offset due to her not having to pay rent, the district court concluded that Mr. Stevens owed Ms. Stevens approximately $1,494.72, which was rounded up to $1,500.00.

The district court's interim spousal support amount is not inadequate. Interim support is intended to maintain stability, not to provide gratuitous funds. The monthly $1,500.00 award amount ensures Ms. Stevens is supported during the transition period without excusing her from contributing to her own maintenance. Moreover, the district court's award amount is based on its credibility determinations of the witnesses, assessment of financial documentation, and broad discretion in matters involving spousal support. Accordingly, the district court's interim spousal support award amount was not manifestly erroneous.

## DECREE

Based on the above and foregoing reasons, we affirm the district court's November 27, 2024 judgment granting Ms. Stevens' request for interim support and setting the interim spousal support amount at $1,500.00 per month.

**AFFIRMED**

6